```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                 NORTHERN DIVISION


MAY FRANCES BRIDGES                                    PLAINTIFF

VS.                            CIVIL ACTION NO. 3:16CV760TSL-RHW

DR. WALTER BROWN, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY; DR. DANIEL WATKINS,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
AND JACKSON STATE UNIVERSITY                          DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

Plaintiff May Frances Bridges, an employee of defendant Jackson State University (JSU), filed the present action under 42 U.S.C. § 1983 alleging that in retaliation for her complaints of sex discrimination, defendants JSU and Drs. Walter Brown and Daniel Watkins, Dean of the College of Education and Human Development and Executive Director of the Executive Ph.D. Program, respectively, violated her First Amendment rights by demoting her from Assistant Director of the Executive Ph.D. Program to Enrollment and Recruitment Manager.  Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that (1) plaintiff's claims against JSU and its official-capacity employees are barred by the Eleventh Amendment; (2) plaintiff cannot state a claim for First Amendment retaliation because she cannot establish an adverse employment action; and

(3) the individual defendants are entitled to qualified immunity.[1]

Plaintiff has filed a response to the motion.  Therein she offers no opposition to defendants' argument for dismissal of JSU and the official-capacity claims against Drs. Brown and Watkins on Eleventh Amendment immunity grounds; and, since defendants' position as to their Eleventh Amendment immunity is clearly meritorious, the court will grant the motion to dismiss as to the claims against JSU and against Drs. Brown and Watkins in their official capacities.  See Briggs v. Mississippi, 331 F.3d 499, 503 (5th Cir. 2003) (stating that "the Eleventh Amendment bars suit against a state or 'state entity' ... and section 1983 does not override the Eleventh Amendment") (quoting Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 186 (5th Cir. 1986)); see also Dear v. Jackson State Univ., No. CIVA 307CV407-WHBLRA, 2008 WL 4225766, at *3 (S.D. Miss. Sept. 10, 2008) (holding that since JSU is an arm of the state, the plaintiff's proposed First Amendment/Section 1983 claim against JSU was barred by the Eleventh Amendment).[2]

---

[1]    Defendants' qualified immunity argument is also based on defendants' claim that plaintiff has not stated a claim for retaliation.

[2]    There is an exception under Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)), for official-capacity claims against state officials seeking prospective injunctive relief based on federal constitutional violations.  However, plaintiff has asserted no such claim in this case.

Defendants contend they are entitled to dismissal of the remaining individual-capacity claims against Drs. Brown and Watkins since plaintiff has failed to allege an actionable claim for First Amendment retaliation.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  A pleading need not contain detailed factual allegations, but must set forth more than "labels and

3

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. 1955 (citation omitted).

In the case at bar, defendants note that in order to state a claim for retaliation in violation of the First Amendment, plaintiff must allege facts which demonstrate that she suffered an "adverse employment action." See Kinney v. Weaver, 367 F.3d 337, 356 (5th Cir. 2004) (en banc) (holding that to make a claim under § 1983 for First Amendment retaliation, a plaintiff must establish that she suffered an adverse employment decision). Defendants acknowledge that a demotion would constitute an adverse employment action.

> [The Fifth Circuit] has clearly established that a retaliatory, demotion-like transfer may constitute an adverse employment action under 42 U.S.C. § 1983. See, e.g., Serna v. City of San Antonio, 244 F.3d 479, 483 (5th Cir. 2001); Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 770 (5th Cir. 2001) ("A job transfer may qualify as an 'adverse employment action' for the purpose of a First Amendment retaliation claim under 42 U.S.C. § 1983, if the change makes the job 'objectively worse.'"); Breaux v. City of Garland, 205 F.3d 150, 157 (5th Cir. 2000) ("Transfers can constitute adverse employment actions if they are sufficiently punitive ... or if the new job is markedly less prestigious and less interesting than the old one." (citations omitted)); Click [v. Copeland, 970 F.2d 106, 110-11 (5th Cir. 1992)]. A transfer can be adverse within the meaning of § 1983 "even without an accompanying cut in pay or other tangible benefits" if the transfer is objectively "equivalent to" one of the commonly accepted adverse actions (e.g., discharges, demotions, or reprimands). Serna, 244 F.3d at 483 (summarizing the then-current state of the law regarding transfers as "adverse

4

> employment actions"). For example, where two plaintiffs ran for sheriff against the defendant-incumbent, failed to unseat the incumbent sheriff, and were subsequently transferred by that sheriff from law enforcement positions to jail guards, we held that the jail-duty transfers were "demotion-like" and, thus, adverse employment actions because the new jobs were less interesting, less prestigious, and provide less opportunity for promotion. See Click, 970 F.2d at 109-11.

Burnside v. Kaelin, 773 F.3d 624, 627 (5th Cir. 2014). Defendants also acknowledge that plaintiff has alleged that Drs. Brown and Watkins retaliated against her "*by demoting her* to a position with a less distinguished title and a position that carried less job responsibilities." (Emphasis added).[3] However, defendants note that prior to filing this lawsuit, plaintiff filed suit against them under Title VII for alleged discrimination and retaliation relating to this same alleged "demotion" and that she attached to her complaint in that action a copy of a verified EEOC charge in which she explicitly stated that when Dr. Brown changed her job title from Assistant Director of the Executive Ph.D. Program to

---

[3] The court notes that plaintiff's complaint recites that her new job title placed her on a new salary scale classification, but she does not allege that the new classification affected the conditions of her employment in any way. Defendants argued in their motion that in the absence of an allegation that the new salary scale affected her employment in some way, the mere allegation that she was on a new salary scale was irrelevant. Plaintiff did not allege in her complaint, or argue in response to the motion, that the fact of being on a new salary scale was or contributed to any adverse employment action. The court thus considers that plaintiff has conceded this point.

5

Enrollment and Recruitment Manager, her "wage, work hours and duties remained the same." Defendants assert that this prior sworn admission by plaintiff forecloses any contrary allegation or finding in this cause that her job duties changed or that she had "less job responsibilities." See Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.") (quoted in Hollingshead v. Aetna Health Inc., 589 F. App'x 732, 737 (5th Cir. 2014)). They contend, moreover, that plaintiff cannot state a cognizable claim based merely on her subjective perception of her new job title as "less distinguished." Defendants thus conclude that plaintiff's complaint does not state a viable claim for First Amendment retaliation.

    In response to defendants' motion, plaintiff acknowledges that she stated in her EEOC charge of discrimination that her wage, work hours and duties remained the same after her job title changed. However, she offers as exhibits the job descriptions for the positions of Assistant Director of the Executive Ph.D. Program and Enrollment and Recruitment Manager and, pointing to various differences in the job descriptions for the two positions, she argues that these job descriptions both "belie[] the statement

6

[she] made in her EEOC charge" and tend to show that the position of Enrollment and Recruitment Manager is objectively worse than her former position.  She argues that in view of this evidence, the court should find that she has sufficiently alleged a First Amendment retaliation claim.  However, she also states that if the court finds she has failed to sufficiently allege a First Amendment retaliation claim, it should "allow [her] to amend her complaint to sufficiently plead a First Amendment retaliation claim."

    For their part, defendants argue in rebuttal that unless the court were to convert the present Rule 12(b)(6) motion to a summary judgment motion – which they contend should not be done – then the court may not properly consider the extraneous evidence offered by plaintiff.  They argue, though, that even if the court were to treat this as a summary judgment motion and consider the job descriptions offered by plaintiff, the court still ought to dismiss the complaint since plaintiff has neither alleged nor attempted to prove that the position of Enrollment and Recruitment Manager at JSU was objectively worse or less desirable than the position of Assistant Director of the Executive Ph.D. Program.  In this vein, they note that the job descriptions offered by plaintiff include the following caveat:

> The above statements are intended to describe the
> general nature and level of the work being performed by

>    people assigned to this position.  This is not an
>    exhaustive list of all duties and responsibilities.
>    Jackson State University's management reserves the right
>    to amend and change responsibilities to meet business
>    and organizational needs as necessary.

Thus, according to defendants, the job descriptions themselves do not establish, or tend to establish, that the duties of plaintiff's current position are any different, much less objectively worse or less desirable than those of her former position.

In the court's opinion, particularly in light of her prior sworn statement that her pay, hours and job duties "remained the same" after her job title changed, plaintiff's allegation that her new position is "less prestigious" or should be viewed as a demotion may fairly be characterized as conclusory.  Moreover, as defendants note, the job descriptions, even if properly before the court, would not aid plaintiff's position, since there is nothing in them to indicate that the job, as performed by plaintiff or as JSU required it to be performed, entailed any lesser, or less important job duties or responsibilities than plaintiff's former position.  The court thus concludes that plaintiff has not stated a cognizable claim.  The court recognizes, however, that plaintiff has asked for the opportunity to amend to sufficiently state a claim.  It is not apparent to the court that plaintiff can state a viable claim, even if allowed to amend; plaintiff has not

8

identified the substance of any potential amendment.  Thus, the court is not inclined to hold *at this time* that she should be allowed to amend.  What the court will do, however, is hold the present motion in abeyance so as to give her the opportunity to file a motion to amend, along with a proposed amended complaint.  Such motion should address the alleged deficiencies noted in defendants' motion.[4]

Based on the foregoing, it is ordered that defendants' motion to dismiss is granted as to the claims against JSU and against Drs. Watkins and Brown in their official capacities.  It is further ordered that plaintiff shall have until February 23, 2017 to file a motion to amend.  Defendants will have fourteen days to respond to the motion, and plaintiff will then have seven days for any rebuttal.  In the meantime, defendants' motion to dismiss the individual capacity claims against Drs. Watkins and Brown will be held in abeyance.

SO ORDERED this 10th day of February, 2016.

/s/ Tom S. Lee

---

[4] Plaintiff acknowledges in her response that her current position is inconsistent with her sworn statement to the EEOC but she makes no effort to address defendant's argument that the alleged admission in her EEOC charge forecloses her from taking a contrary position in this lawsuit.  Should she choose to pursue this litigation, her motion to amend should address this issue, along with all other alleged deficiencies noted in defendants' motion and rebuttal.

```
                              UNITED STATES DISTRICT JUDGE
```